IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET JEFFERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5127 |
| : | |
| SEPTA, : | |
|     Defendant. : | |

**MEMORANDUM**

**SCHILLER, J.**                                                                                 **DECEMBER 16, 2021**

Plaintiff Margaret Jefferson, a resident of Philadelphia, filed this *pro se* civil action against the Southeastern Pennsylvania Transportation Authority – Auto Claims Department ("SEPTA") raising an apparent negligence claim for property damage to her vehicle as the result of a collision with a SEPTA trolley that occurred in Philadelphia, Pennsylvania. Jefferson seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Jefferson leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.      FACTUAL ALLEGATIONS**

Jefferson avers that she was stopped in her car at 63rd and Malvern Streets "waiting for [the] red light to change green" when a SEPTA trolley "made contact with [her] Honda" (ECF No. 2 at 4.)[1] As a result, Jefferson claims to have suffered two-thousand dollars ($2,000.00) in property damage to her car (ECF No. 2 at 4). Jefferson asserts that the accident occurred around

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

the time that "Mr. Michael Nutter was leaving City Coun[cil] and going to run for Mayor of Philadelphia." (ECF No. 2 at 4).[2]

## II. STANDARD OF REVIEW

The Court will grant Jefferson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks damages from an immune defendant. Additionally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

---

[2] Michael Nutter was elected Mayor in November of 2007. *See* https://mikenutterllc.com/biography (last viewed December 16, 2021).

**III.     DISCUSSION**

The Court lacks subject matter jurisdiction over Jefferson's state law negligence claim.[3] The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332, which states that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419 (citations omitted). "The burden of establishing federal jurisdiction rests with the party asserting its

---

[3] Jefferson indicates that the basis for her Complaint is a federal question. (ECF No. 2 at 2.) However, the Court's review of Jefferson's Complaint provides no factual basis to support the exercise of federal question jurisdiction over her claims. Jefferson makes no assertion that her constitutional rights were violated by a state actor, nor does her Complaint support any other theory of liability under federal law. Rather, it is clear from the manner in which the Complaint is pled that state law provides the only basis for a cause of action here.

existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Jefferson asserts that she resides in Philadelphia, Pennsylvania. (ECF No. 2 at 2.) SEPTA is a Pennsylvania citizen for purposes of federal jurisdiction. *See Mailey v. SEPTA*, 104 F. App'x 224, 226 n.2 (3d Cir. 2004); *see also Murry v. CSX Transportation*, Civ. A. No. 20-2964-JMY, 2020 WL 5369540, at *2 (E.D. Pa. Sept. 8, 2020) (treating SEPTA as a Pennsylvania citizen). Since it appears the parties are both citizens of Pennsylvania, the Court cannot exercise diversity jurisdiction over Jefferson's negligence claims. *See Smith v. Albert Einstein Medical Center*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. 2009) ("Diversity jurisdiction requires complete diversity between the parties." "[N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).

Even if Jefferson had properly alleged that the parties are of diverse citizenship, the Court would still lack jurisdiction over her state law claim because the amount in controversy does not exceed the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Jefferson seeks $2,000 in damages (ECF No. 2 at 4.) Accordingly, the amount in controversy is insufficient to create

diversity jurisdiction over her state law claim, which will be dismissed without prejudice to Jefferson reasserting her claim in an appropriate state court.[4]

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Jefferson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her refiling her state law claims in state court.  Jefferson will not be given leave to file an amended complaint in this case, because the Court concludes that she cannot cure the jurisdictional defect in her Complaint.  An appropriate Order follows.

---

[4] The Court takes no position with respect to the merits or timeliness of any state law claims that Jefferson may raise in state court.